**FILED**

OCT 0 1 2012

DAVID CREWS, CLERK

BY _____

Deputy

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
MISSISSIPPI
GREENVILLE DIVISION

TIANNA CREEL                                               PLAINTIFF

VS.                                    CASE NO.  4:12CV089-M-V

HUMPHREYS COUNTY, MISSISSIPPI;
HUMPHREYS COUNTY SHERIFF J.D.
ROSEMAN, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; DEPUTY SHERIFF
RONNIE BUCHANAN, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY; DEPUTY SHERIFF
SAM DOBBINS, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; DEPUTY SHERIFF
DEMETRIUS ALLEN, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; DEPUTY SHERIFF GENE
LESTER, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY; DEPUTY SHERIFF BUD THURMAN,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
DEPUTY SHERIFF JAMES WHITE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY;
DEPUTY CLEVELAND ROSS, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY;
AGENT CORY WEATHERSPOON, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY AS AN
AGENT WITH THE NORTH CENTRAL NARCOTICS
TASK FORCE; AND AGENT TERRANCE THOMPSON,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS
AN AGENT WITH THE NORTH CENTRAL NARCOTICS
TASK FORCE                            DEFENDANTS

## *COMPLAINT*

       **COMES NOW** the Plaintiff, **TIANNA CREEL**, by and through her attorney, Boyd P.

Atkinson, and files this her Amended Complaint against the Defendants, **HUMPHREYS**

**COUNTY, MISSISSIPPI; HUMPHREYS COUNTY SHERIFF J.D. ROSEMAN**, in his

individual and official capacity; **DEPUTY SHERIFF RONNIE BUCHANAN**, in his individual

and official capacity; *DEPUTY SHERIFF SAM DOBBINS*, in his individual and official capacity; *DEPUTY SHERIFF DEMETRIUS ALLEN*, in his individual and official capacity; *DEPUTY SHERIFF GENE LESTER*, in his individual and official capacity; *DEPUTY SHERIFF BUD THURMAN*, in his individual and official capacity; *DEPUTY SHERIFF JAMES WHITE*, in his individual and official capacity; *DEPUTY SHERIFF CLEVELAND ROSS*, in his individual and official capacity; *AGENT CORY WEATHERSPOON*, in his individual and official capacity as an agent with the North Central Narcotics Task Force; and *AGENT TERRANCE THOMPSON*, in his individual and official capacity as an agent with the North Central Narcotics Task Force, and in support thereof would show unto the Court the following facts, to-wit:

### *PARTIES*

1.      Plaintiff is a Mississippi resident residing at 405 Putnam Road, Belzoni, Mississippi, 39038.

2.      The Defendant, Humphreys County, Mississippi, is a governmental entity of the State of Mississippi and may be served with process through its registered agent for process, Lawrence Browder, Chancery Clerk, at 102 Castleman Street, Belzoni, Mississippi, 39038.

3.      The Defendant, Humphreys County Sheriff J.D. Roseman, may be served at his place of employment, 102 Castleman Street, Belzoni, Mississippi, 39038.

4.      The Defendant, Deputy Sheriff Ronnie Buchanan, may be served at his place of employment, 102 Castleman Street, Belzoni, Mississippi, 39038.

5.      The Defendant, Deputy Sheriff Sam Dobbins, may be served at his place of employment, 102 Castleman Street, Belzoni, Mississippi, 39038.

6.      The Defendant, Deputy Sheriff Demetrius Allen, may be served at his place of employment, 102 Castleman Street, Belzoni, Mississippi, 39038.

7.      The Defendant, Deputy Sheriff Gene Lester, may be served at his place of employment, 102 Castleman Street, Belzoni, Mississippi, 39038.

8.      The Defendant, Deputy Sheriff Bud Thurman, may be served at his place of employment, 102 Castleman Street, Belzoni, Mississippi, 39038.

9.      The Defendant, Deputy Sheriff James White, may be served at his place of employment, 102 Castleman Street, Belzoni, Mississippi, 39038.

10.     The Defendant, Deputy Sheriff Cleveland Ross, may be served at his place of employment, 102 Castleman Street, Belzoni, Mississippi, 39038.

11.     The Defendant, Agent Cory Weatherspoon, may be served at his place of employment, North Central Narcotics Task Force, 107 East Market Street, Greenwood, Mississippi, 38930.

12.     The Defendant, Agent Terrance Thompson, may be served at his place of employment, North Central Narcotics Task Force, 107 East Market Street, Greenwood, Mississippi, 38930.

### *JURISDICTION*

13.     Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1367 and 42 U.S.C. § 1983.

14.     Jurisdiction of this Court for the pendent claims is authorized under Federal Rule of Civil Procedure 18(a).

15.     Further, the actions complained of constitute arbitrary governmental action in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## *FACTS*

16.     On or about February 24, 2012, the Plaintiff, Tianna Creel, and her small child were leaving her residence on Beasley-Bayou Road in Isola, Mississippi.

17.     Her vehicle was surrounded by vehicles being driven by Humphreys County Sheriff's Deputies Demetrius Allen, Sam Dobbins, Agent Cory Weatherspoon, and Agent Terrance Thompson.   Demand was made by Defendant Dobbins to search the Plaintiff's residence to determine the whereabouts of a Derek McDaniel.

18.     The Plaintiff inquired whether or not the deputies had a search warrant to which Defendant Dobbins responded that they did not need a search warrant, that they had an arrest warrant for Derek McDaniel.  When the Plaintiff asked Defendant Dobbins to produce the arrest warrant for Derek McDaniel, her infant daughter was snatched from her arms, crying and screaming, and the Plaintiff was handcuffed behind her back by Defendant Dobbins and placed in the back seat of his patrol vehicle.

19.     Defendant Dobbins threatened the Plaintiff with jail for harboring a fugitive and threatened her with losing her child.

20.     The Plaintiff was required to sit in Defendant Dobbins's vehicle for approximately two and a half hours while the Humphreys County Sheriff's Department obtained a search warrant for the Plaintiff's residence.

21.     Plaintiff would show that the underlying facts and circumstances that gave rise to the issuance of the search warrant, sworn to by Defendant Buchanan, was procedurally flawed in that Defendant Buchanan did not allege that the information he received that Derek McDaniel

was at the Plaintiff's residence, was from a source that had proved reliable in the past, and therefore, the search warrant should not have ever been issued because of its procedural flaws.

22.     Plaintiff would show that, notwithstanding the procedural problems in and around the search warrant, the search warrant issued by the Justice Court of Humphreys County, Mississippi allowed the search of the single family dwelling, the residence of the Plaintiff, for the person of Derek McDaniel, an individual allegedly weighing over two hundred pounds.

23.     During the search of the Plaintiff's residence, the search conducted by the within named members of the Humphreys County Sheriff's Department, as well as Agent Terrance Thompson, who worked with Defendant Weatherspoon, in the Narcotics Division, proceeded to completely search every drawer, in between the mattress and box springs, medicine cabinets, kitchen cabinets, jewelry box, tore out the ceiling of a pantry in the residence, went through personal belongings of the Plaintiff, damaged her television, and in general, left her residence in a total disarray and disheveled condition, looking in areas and portions of Plaintiff's residence that could not conceivably house a two hundred pound individual.

24.     Plaintiff alleges that, immediately prior to the flawed search warrant being executed on her residence in Humphreys County, she had cashed an income tax refund check and prior to her and her daughter attempting to leave her residence that day, had placed twenty (20) crisp, new $100.00 bills in her jewelry box on top of her dresser and on top of that was the title to her 4-wheeler. When she was finally released from custody after being held without ever being charged with any conceivable crime, in excess of five and a half hours and had the opportunity to return to her residence, she found her jewelry box opened, the title to her 4-wheeler sitting on top of her dresser, and the $2,000.00 missing from the jewelry box.

25.     Plaintiff would further show that, even though she is a lifelong resident of Humphreys County, Mississippi and many of the deputies there at her residence knew her mother and mother personally and her aunt personally who only lived a short distance down the road, the Humphreys County Sheriff's Department called Vanessa Oates of the Humphreys County Department of Human Services to come remove the Plaintiff's small daughter and took her into custody, which was luckily thwarted by the Plaintiff's mother getting to the residence prior to DHS and taking custody of her granddaughter. When the Plaintiff was taken to the Humphreys County Sheriff's Department, she was immediately ordered to be released by Defendant J.D. Roseman.

26.     When Defendant Dobbins snatched Plaintiff's arms behind her and took her into custody and made her sit in his patrol vehicle with her hands handcuffed behind her back for five and a half hours, this caused significant injury to Plaintiff's shoulder area which has required and still requires medical attention, as well as causing significant bruising to Plaintiff's wrists. At no time during the events of February 24, 2012, was Derek McDaniel found in Plaintiff's residence by any of the Defendants. Also, Defendant Dobbins, as well as Defendant Weatherspoon, continuously taunted the Plaintiff for her present, as well as past, choice in boyfriends partially because the Plaintiff's daughter is multi-racial.

27.     Because of the Defendants' outrageous behavior and the damage that they caused to Plaintiff's residence where she was living, she was forced to vacate the premises by the premises owner because of the damage and unlawful and unnecessary search of the Plaintiff's residence, while at all times acting under the color of state law.

28. Additionally, Defendant Cory Weatherspoon, in the presence of Plaintiff's daughter, made the statement that the Plaintiff's boyfriend would be going to prison, which caused significant emotional distress to Plaintiff, as well as her minor daughter.

## CAUSES OF ACTION

### COUNT ONE – VIOLATION OF 42 U.S.C. § 1983: ARREST

29. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

30. As a result of Defendants' unlawful arrest, the Plaintiff was subjected to an unreasonable seizure, a clear deprivation of her Fourth and Fourteenth Amendment rights. Defendant Buchanan, at all times, was acting under color of law and was not in possession of a validly obtained search warrant when he and other Defendants conducted the intrusive search of Plaintiff's residence.

### COUNT TWO – VIOLATION OF 42 U.S.C. § 1983: SEARCH AND SEIZURE

31. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

32. Even if the search warrant had been lawfully obtained, the search warrant plainly states that a certain individual was sought at the Plaintiff's residence and the search conducted by the Defendants was excessive, intrusive, destructive, unreasonable, unnecessary, and unlawful and at all times, the Defendants were acting under color of law.

### COUNT THREE – VIOLATION OF 42 U.S.C. § 1983: DETENTION

33. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

34. As a proximate cause of the Defendants' unlawful and malicious detention and confinement, the Plaintiff was deprived of her liberty in violation of her Fifth and Fourteenth Amendment rights and was never charged with any violation of state or federal law even though she was confined for almost six hours while the Defendants were acting under the color of law.

## COUNT FOUR – MALICIOUS ABUSE OF PROCESS

35.     Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

36.     The Defendants maliciously employed illegal process in a manner not contemplated by law.

37.     As a proximate cause of the Defendants' abusive process, Plaintiff suffered and continues to suffer mental pain and anguish, physical pain and anguish, severe emotional trauma, humiliation, and other resultant injuries.

## COUNT FIVE – TRESPASS TO LAND

38.     Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

39.     The Defendants intentionally invaded the Plaintiff's real property by entering Plaintiff's residence under color of law, armed with a flawed search warrant that did not have the proper underlying facts and circumstances to be issued by a magistrate or a judge of this State.

40.     As a proximate cause of the Defendants' trespass, Plaintiff suffered and continues to suffer mental pain and anguish, physical pain and anguish, severe emotional trauma, and other resultant injuries.

## COUNT SIX – TRESPASSING AND DAMAGE TO PERSONAL PROPERTY

41.     Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

42.     The Defendants, while attempting to locate the whereabouts of an individual who weighed in excess of 200 pounds, took the opportunity to completely tear up the inside of the Plaintiff's residence, went through her personal underwear drawers, flipped the mattress on her bed, turned over her television, tore out the ceiling to a pantry, gained access to the crawl space in the attic, and in the process, removed $2,000.00 from Plaintiff's jewelry box that had been placed in there only hours earlier by the Plaintiff, while at all times acting under color of law.

### COUNT SEVEN – FALSE IMPRISONMENT/FALSE ARREST

43.     Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

44.     At all times relevant herein, the Defendants continuously confined the Plaintiff to the back seat of a Humphreys County Sheriff's vehicle without any probable cause, never charging the Plaintiff with any crime, and unlawfully and maliciously held her against her will, threatened her with the loss of her child through the Department of Human Services, threatened her arrest for harboring a fugitive partially because of racial motivation, while at all times acting under color of law.

### COUNT EIGHT – INTENTIONA INFLICTION OF DAMAGE TO HER PERSON

45.     Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

46.     At all relevant times herein, the actions of Defendant Dobbins caused serious pain and suffering, as well as bruising to the wrists of the Plaintiff while being handcuffed behind her in a Sheriff's Department's vehicle for almost six hours, as well as causing physical injury and damage to Plaintiff's shoulder while putting handcuffs on her and leaving her handcuffed in that position for almost six hours, causing her to seek present, as far as future, medical care to relieve her pain and suffering, while at all times acting under color of law.

### COUNT NINE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PHYSICAL HARM

47.     Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

48.     At all times relevant herein, the Defendants' extreme and outrageous conduct recklessly and/or intentionally caused Plaintiff's severe emotional distress.

49.     As a proximate cause of the Defendants' extreme and outrageous conduct, the Plaintiff suffered, does suffer, and will continue to suffer mental pain and anguish, severe

emotional trauma, humiliation, and other resultant injuries, while at all times acting under color of law.

### *COUNT TEN – NEGLIGENCE*

50.     Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

51.     The Defendants owed the Plaintiff a duty to act in accordance with the standards of police procedure.  The Defendants breached said duty by failing to act as reasonable law enforcement officers would act.  Defendant Roseman was aware of the racial insensitivity of his white officers and continued to allow them to serve as deputy sheriffs of Humphreys County, Mississippi. Defendant Dobbins, as well as Defendant Weatherspoon, made insensitive, uncalled for, and racially motivated statements to the Plaintiff, causing her severe emotional trauma and humiliation.

52.     As a direct and approximate breach of his duty, Plaintiff has suffered and continues to suffer physical pain, mental pain and anguish, severe emotional trauma, humiliation, retaliation by the Defendants, and other resultant injuries.

### *RELIEF*

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands judgment for the causes of action listed herein for special, punitive, and compensatory damages, plus the costs of this action, including attorney's fees and such other relief that this Court deems just and equitable.

**RESPECTFULLY SUBMITTED** on this the 27th day of September, A.D., 2012.

*TIANNA CREEL, PLAINTIFF*

*BY:* _____

**BOYD P. ATKINSON, MSB NO. 8324**
**Attorney for Plaintiff**
**P.O. Box 427**
**Cleveland, MS 38732**
**(662) 843-9766**

**STATE OF MISSISSIPPI**
**COUNTY OF BOLIVAR**

     **PERSONALLY** appeared before me the undersigned authority at law in and for the jurisdiction aforesaid, the within named, **BOYD P. ATKINSON**, Attorney for Plaintiff, Tianna Creel, who after being by me first duly sworn, states on oath that the matters and facts set out in the above and foregoing Complaint are true and correct as therein stated to the best of his information and belief.

     *SWORN TO AND SUBSCRIBED* before me on this the 27th day of September, A.D., 2012.

My Commission Expires:

_____

                        *NOTARY PUBLIC*

*[Notary Seal: STATE OF MISSISSIPPI, REBA GALE MCKNIGHT, ID No. 1853, NOTARY PUBLIC, Comm Expires May 8, 2013, BOLIVAR COUNTY]*