IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TIANNA CREEL                                                                                        PLAINTIFF

VS.                                                      CIVIL ACTION NO.:4:12-cv-89-MPM-JMV

HUMPHREYS COUNTY, MISSISSIPPI, ET. AL.                            DEFENDANTS
CONSOLIDATED WITH

TIANNA CREEL                                                                                        PLAINTIFF

VS.                                                      CIVIL ACTION NO.:4:13-cv-67-MPM-JMV

HUMPHREYS COUNTY, MISSISSIPPI, ET. AL.                            DEFENDANTS

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On January 6, 2014, this court referred consideration of the motion to compel settlement in the above-entitled action to Magistrate Judge Jane M. Virden. This court took this step in view of the fact that Judge Virden presided over the settlement conference in this case and was accordingly in a much better position than this court to determine whether the case did, in fact, settle. This court has carefully reviewed the thorough Report and Recommendation prepared by Judge Virden, as well as plaintiff's objections to same. Having done so, the court agrees with Judge Virden that the plaintiff's protestations that she did not agree to settle this case are severely lacking in credibility. As noted by Judge Virden in her order:

> Perhaps of even more concern to the undersigned -- in light of Plaintiff's obligation to testify truthfully under oath and her counsel's obligation of candor toward the court – is Plaintiff's further testimony to the effect that not only did her attorney tell her in private she would not be bound to any settlement offer accepted at the conference, but that, in fact, she never agreed to accept Defendant's final settlement offer. This assertion is not only contradicted by her own counsel who has acknowledged Plaintiff accepted the settlement offer at the conference, but is contrary to the court's record, including both the very clear recollection of the undersigned and that of [the Magistrate Judge's] law clerk, also present for the settlement negotiations. Moreover, Plaintiff's assertion that she, in fact, never even purported to accept Defendants' final settlement offer is contradicted by her own testimony to the effect that on the morning after the conference she called her lawyer to inform him she was not going to go through with the settlement. To state the obvious, if Plaintiff had never even communicated her acceptance of an offer of settlement, she would have had no reason to phone her attorney the next day to instruct him she was backing out of the settlement. Moreover, if in fact, Plaintiff had never accepted an offer at the

1

conference, why did she offer, by way of testimony in opposition to the motion to compel, the explanation that she believed, based on her counsel's advice, that her acceptance would not bind her to settle? In short, Plaintiff's credibility with the undersigned is worse than thread bare.

In order to credit plaintiff's version of events, this court would need to accept her word over that of the Magistrate Judge and her law clerk, as well attorneys on both sides of this case. The court declines to do so. The court does agree that the relationship between plaintiff and her counsel has irretrievably broken down, and it will accordingly grant said counsel's motion to withdraw. The court will likewise grant defendant's motion to seal plaintiff's objection to the Magistrate Judge's Report and Recommendation, since it improperly references the amount of the settlement in this case.

IT IS THEREFORE ORDERED:

1. That the Defendants' Motion to Compel Settlement, [60] in 4:12-cv-89-MPM-JMV and [18] in 4:13-cv-67-MPM-JMV, is granted;

2. That Plaintiff is required to sign the Release of Claims and Settlement Agreement, as well as comply with the terms and conditions of that agreement;

3. Attorney Boyd Atkinson's motion to withdraw as counsel for plaintiff [68] is granted; and

4. Defendants' motion to seal plaintiff's objection to the Report and Recommendation, and accompanying motion to expedite consideration of same are granted.

It is so ordered on this 14th day of February, 2014.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**